UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA, et al.,

    Plaintiffs,

    v.

AMERICAN HOME REALTY
NETWORK, INC., et al.,

    Defendants.
_____/

No. C 12-2637 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendants' motion to dismiss the complaint in the above-entitled action came on for hearing before this court on January 16, 2013. Plaintiffs appeared by their counsel Nicholas J. Boos, and defendants appeared by their counsel Alexander J. Berline. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows.

## BACKGROUND

In this insurance coverage action, plaintiffs Travelers Casualty Insurance Company of America and Travelers Indemnity Company of Connecticut (collectively, "Travelers") seek a judicial declaration that they have no duty to defend defendants American Home Realty Network, Inc. ("AHR") and Jonathan Cardella ("Cardella") in two underlying copyright infringement actions pending in, respectively, the U.S. District Court for the District of Maryland and the U.S. District Court for the District of Minnesota.

Travelers issued three commercial general liability insurance policies that are at issue in this lawsuit. On March 28, 2012, Metropolitan Regional Information Systems, Inc. ("Metropolitan") filed a complaint against AHR, Cardella, and the National Association of Realtors in the U.S. District Court for the District of Maryland (No. C-12-0954) (the "Metropolitan action"). Metropolitan asserts claims against AHR for copyright infringement (direct, induced, contributory, and vicarious), false designation of origin, unfair competition under the Lanham Act, conversion, and unjust enrichment, based on defendants' alleged misappropriation of information and photographs from Metropolitan's copyrighted Multiple Listing Services ("MLS") database that serves Maryland, Washington D.C., Virginia, and portions of Pennsylvania, Delaware, and West Virginia.

On April 18, 2012, the Regional Multiple Listing Service of Minnesota filed a complaint against AHR in the U.S. District Court for the District of Minnesota (No. C-12-0965) (the "Regional action"), alleging copyright infringement of compilation content, and copyright infringement of photographs, based on defendants' alleged misappropriation of the plaintiff's copyrighted MLS database serving Minnesota and western Wisconsin.

AHR notified Travelers of the pendency of the Metropolitan complaint on April 9, 2012, and requested a defense and indemnity for AHR and Cardella. After an investigation, Travelers sent a letter dated June 7, 2012, in which it accepted the tender of defense under a full reservation of rights. AHR also notified Travelers of the pendency of the Regional complaint on April 25, 2012, and requested a defense and indemnity for AHR. After investigating the matter, Travelers declined the tender, in a letter dated June 19, 2012.

Travelers filed the present action on May 22, 2012, seeking a judicial declaration as to whether it has a duty to defend AHR or Cardella in the Metropolitan action and as to whether it has a duty to defend AHR in the Regional action; and also seeking reimbursement of its attorneys' fees and expenses already incurred in the defense of the Metropolitan action. On September 18, 2012, Travelers filed a first amended complaint ("FAC").

2

Defendants now seek an order dismissing the FAC, or in the alternative, staying it pending resolution of the Metropolitan action.

**DISCUSSION**

A. Legal Standard

Under the Declaratory Judgment Act ("DJA"), the Court "may declare the rights and other legal relations of any interested party seeking such declaration" when there is an "actual controversy." 28 U.S.C. § 2201(a); see also U.S. Const. art. III, § 2, cl. 1 (limiting the federal judicial power to actual cases and controversies). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941).

The burden is on the party seeking declaratory relief to establish the existence of an actual controversy. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006). If the court determines that an actual controversy does not exist, it may dismiss the declaratory relief action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

If the court determines that an actual controversy does exist, it must then decide "whether to exercise its discretion to take jurisdiction over the declaratory judgment action." Principal Life Ins. Ca v. Robinson, 394 F.3d 665, 669 (9th Cir. 2004). In making this determination, "[t]he district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Government Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir.1998) (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942)); see also id. at 1225 n.5 (citing additional relevant factors).

Nevertheless, "there is no presumption of abstention in declaratory actions generally, nor in insurance coverage cases specifically." Id. at 1225. That is, there is no authority barring an insurer from invoking diversity jurisdiction to bring a declaratory

judgment action against an insured on an issue of coverage. Id. Moreover, if other claims are joined with an action for declaratory relief, the district court should not, as a general rule, remand or decline to entertain the claims for declaratory relief. Id.

On the other hand, the mere presence of a claim for monetary relief does not mean that the district court must accept jurisdiction, where the action is "primarily declaratory in nature." United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1112 (9th Cir. 2001). Rather, the court must analyze

> whether the claim for monetary relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed. In other words, the district court should consider whether it has subject matter jurisdiction over the monetary claim alone, and if so, whether that claim must be joined with one for declaratory relief.

Id. at 1113.

B.  Defendants' Motion

Defendants make four main arguments in support of their motion – that this case should be dismissed because exercising jurisdiction under the circumstances presented by this case constitutes reversible error, and even if it does not, the Declaratory Judgment Act favors dismissal; that dismissal is also appropriate because the court lacks subject matter jurisdiction; that dismissal is further appropriate because this claim is not ripe for adjudication; and that if the court finds that jurisdiction is mandatory with regard to the Metropolitan action claims, a stay is appropriate until after the Metropolitan action has been resolved.

As the court indicated at the hearing, there is nothing per se improper about a federal district court exercising jurisdiction under the Declaratory Judgment Act over an insurance coverage dispute, regardless of where the underlying action is pending. Nevertheless, the court must have jurisdiction over the complaint.

The Declaratory Judgment Act does not create an independent basis for subject matter jurisdiction. See Vaden v. Discovery Bank, 556 U.S. 49, 70 n.19 (2009) ("the Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts; it is procedural only") (quotations omitted); Gritchen v. Collier, 254 F.3d 807, 811 (9th Cir.

4

2001) ("The Declaratory Judgment Act . . . applies only if federal jurisdiction independently exists"); <u>Staacke v. United States Secretary of Labor</u>, 841 F.2d 278, 280 (9th Cir. 1988) (Declaratory Judgment Act does not itself confer federal subject matter jurisdiction; rather, a declaratory judgment plaintiff must establish an independent basis for such jurisdiction.). Here, Travelers asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendants contend that dismissal is warranted because the amount-in-controversy requirement has not been met, and thus, the court lacks subject matter jurisdiction.

Diversity jurisdiction is measured at the time the lawsuit is filed. <u>Grupo Dataflux v. Atlas Global Group, LP</u>, 541 U.S 567, 570-72 (2004); <u>see also</u> <u>Morongo Band of Mission Indians v. Calif. State Bd. of Equalization</u>, 858 F.2d 1376, 1380 (9th Cir. 1988) (looking to original complaint, and not amended complaint, for subject matter jurisdiction).

Defendants assert that because Travelers declined coverage under the <u>Regional</u> action, there is no amount in controversy as to that case. As for both the <u>Metropolitan</u> case and the <u>Regional</u> case, defendants argue that because Travelers had not issued a coverage decision as of May 22, 2012 when the original complaint was filed (and as to the <u>Metropolitan</u> case, had not sent the reservation of rights agreeing to defend in that case), there was no amount in controversy as of that date as to either of the underlying actions. For this reason, defendants assert, Travelers' defense costs at the time the present action was commenced were close to zero – and at any rate, nowhere near the $75,000 jurisdictional minimum.

The court finds that Travelers' motion to dismiss the case for lack of subject matter jurisdiction must be GRANTED. As noted above, diversity jurisdiction is determined as of the time the complaint is filed. <u>See</u> <u>Morongo Band</u>, 858 F.2d at 1380. Since Travelers did not notify defendants that it had accepted the tender of the <u>Metropolitan</u> action until June 7, 2012, and had not incurred any defense costs until that point, there was no amount in controversy as of May 22, 2012 when the complaint was filed – and thus, no diversity jurisdiction. Also, while Travelers has incurred defense costs in the <u>Metropolitan</u> action since June 2012 when it accepted the tender, it appears that there has never been an

5

amount in controversy as to the Regional action, since Travelers refused the tender and has not provided any defense.

Travelers' position, as stated in its papers and by counsel at the hearing, is that when it filed the complaint, it alleged in "good faith" that there was $75,000 in controversy, and that the court is required to accept that representation. However, it seems clear that when Travelers filed the complaint on May 22, 2012, it was fully aware that it had not accepted the tender of defense as of that date.

Having found that there was no subject matter jurisdiction at the time the original complaint was filed, the court finds it unnecessary to address defendants' arguments regarding the Dizol/Brillhart factors and the discretionary exercise of jurisdiction over claims brought under the Declaratory Judgment Act, other than to observe that it finds Travelers' arguments to be more persuasive. The alternative motion to stay is DENIED as moot.

## CONCLUSION

In accordance with the foregoing, the motion to dismiss is GRANTED. Should Travelers opt to re-file the action, seeking a judicial declaration regarding their duty to defend in both the Metropolitan and Regional actions, the court notes that the joinder of claims relating to both underlying actions may be improper. See Federal Rules of Civil Procedure 20, 21.

**IT IS SO ORDERED.**

Dated: January 24, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

6